**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SPARK451 INC.                                          :

                   Plaintiff,       :       No. 18-cv-10833

                                  :

  v.                                                              :

                                  :       **COMPLAINT**

451 MARKETING, LLC d/b/a AGENCY 451,   :

                                  :       **JURY TRIAL DEMANDED**

                   Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff SPARK451 INC. ("Plaintiff"), for its Complaint against Defendant 451 MARKETING, LLC d/b/a AGENCY 451, ("Defendant"), alleges as follows:

**THE PARTIES**

1.      Plaintiff is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Westbury, New York.

2.      On information and belief, Defendant is a Massachusetts limited liability company with its principal place of business at 100 North Washington St., Boston, MA 02114.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), because this action involves a claim of infringement of a trademark registered on the United States Principal Register, pursuant to federal law (Lanham Act, 15 U.S.C. § 1051, *et seq.*), and because the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Moreover, upon information and belief, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because of diversity of the parties and because

1

the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendant resides in this judicial district and because a substantial part of the events giving rise to the claims occurred, and continue to occur, in this district.

## THE TRADEMARK IN SUIT

6.      Plaintiff is a full-service marketing and communications company that provides college and university clients with results-oriented solutions in the areas of strategic brand management, institutional marketing, and enrollment management. Plaintiff enables educational institutions to reach potential enrollees, high school sophomores, juniors, seniors, transfer students, international students, undergraduate or graduate students.

7.      Plaintiff owns all right, title and interest in and to the trademark SPARK451®, which is registered on the United States Principal Register as Registration No. 4465019.

8.      Additional information about Plaintiff, and its use of its trademark SPARK451®, can be viewed on its website: www.spark451.com.

9.      Plaintiff began using its mark SPARK451® in commerce on or about December 1, 2011, and filed to register that mark on the Principal Register on February 8, 2013.

10.     Plaintiff's mark SPARK451® has a registration date of January 14, 2014.

11.     The mark SPARK451® is registered for use with the following goods and services: "Advertising and marketing services provided by means of indirect methods of

2

marketing communications, namely, social media, search engine marketing, inquiry marketing, internet marketing, mobile marketing, blogging and other forms of passive, sharable or viral communications channels to assist institutions of higher education in brand management and enrollment management."

12.     The design of Plaintiff's SPARK451® mark, as used in its advertising, website, and marketing materials, is visually distinctive, with the word "Spark" appearing in white lettering and the numbers 451 appearing bright orange.

13.     Plaintiff uses its SPARK451® mark in interstate commerce, in its efforts to get new clients and service its existing clients, including in Massachusetts.

## DEFENDANT'S BREACH OF CONTRACT, TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION

14.     Defendant has engaged, and is engaging, in a marketing and sales campaign using the mark AGENCY 451 without authorization, and in breach of contract, in the same types of goods and services as Plaintiff.

15.     Defendant began using the mark AGENCY 451 on or about April 13, 2017.

16.     Defendant's adoption and use of the mark AGENCY 451 is in breach of contractual promises made to Plaintiff by Defendant on or about September 22, 2015, in a Co-Existence and Consent Agreement (See Exhibit A hereto) ("Co-Existence Agreement").

17.     Upon information and belief, Defendant was formed as a Massachusetts limited liability company on or about June 25, 2004, as "451 LLC."

18.     Upon information and belief, on or about February 14, 2007, Defendant changed its name to "451 Marketing, LLC", and that remains its legal name.

3

19.   In 2014, Defendant filed an application to register the mark "451 MARKETING" with the U.S. Patent and Trademark Office ("USPTO").

20.   The USPTO initially refused to register Defendant's mark, finding that "451 MARKETING" was "similar to … [SPARK451®], creating similar commercial impressions, and the respective services closely related, leading to consumer confusion as to the source of the services."

21.   On or about March 24, 2015, Defendant petitioned the U.S. Patent and Trademark Office for cancellation of Plaintiff's registration for SPARK451® (the "Petition").

22.   In its Petition, Defendant asserted that it had common law trademark rights to the mark "451 MARKETING" and that its trademark rights had priority over Plaintiff's use of SPARK451®.

23.   In that Petition, Defendant made several other assertions that are relevant in this action:

   a.   Defendant asserted that "451" was a "key element" of its mark and was an "inherently distinctive, arbitrary and fanciful term when used in the context of marketing and communication services, as it does not describe the services."

   b.   Defendant alleged that the USPTO refused to register its mark "451 MARKETING" and found "that Registrant's mark [*i.e.*, SPARK451®] was similar to Petitioner's mark [*i.e.*, 451 MARKETING], creating similar commercial impressions, and the respective services closely

related, leading to consumer confusion as to the source of the services."

   c.  Defendant alleged that Plaintiff's mark SPARK451® "is substantially similar to Petitioner's mark [451 MARKETING], as they both use the main element of Petitioner's mark, *i.e.*, 451."

   d.  Defendant further alleged that "[t]he services set forth in Registrant's registration [for SPARK451®] are similar or related to the services for which Petitioner uses its mark [*i.e.* 451 MARKETING], as both Registrant and Petitioner provide marketing and communications services."

   e.  Defendant further alleged that "[t]he parties have the same or similar class of prospective purchasers, such as product-based companies and higher education institutions."

   f.  Defendant alleged that "[i]n view of the similarity of the respective marks and the related nature of the services of the respective parties, it is alleged that Registrant's registered mark [*i.e.*, SPARK451®] so resembles Petitioner's mark [*i.e.*, 451 Marketing] as to be likely to cause confusion, or to cause mistake or to deceive."

24.   On or about September 22, 2015, Plaintiff and Defendant entered into the Co-Existence Agreement.

25.   The Co-Existence Agreement stated the intent of Plaintiff and Defendant as follows: "WHEREAS, the Parties desire to settle the Cancellation Proceeding, avoid any potential confusion with respect to the use and registration of their respective

Marks, desire to assist each other in protecting, registering and avoiding any likelihood of confusion as to their respective Marks, and, therefore, desire to enter into this Agreement which they believe will accomplish these intentions."

26.   The Co-Existence Agreement further provided that the parties thereto agreed as follows: "451M [*i.e.*, Defendant herein] does not use, does not intend to use, and *agrees not to use any mark consisting solely of or ending with '451'* or containing the word SPARK *for any services or goods connected in any way with the advertising, marketing, public relations, or branding industries* or with the services identified in Spark's Registration No. 4465019." (Co-Existence Agreement ¶2 (emphasis added).)

27.   Moreover, the Co-Existence Agreement further stated: "Each Party acknowledges the validity of the other Party's Mark and each Party agrees not to oppose, challenge, object to, or take any action at law or in equity against the other Party's use of its Mark as described herein, or against any applications for such Mark, or against any registrations that issue for such Mark, or any other marks, consistent with the terms of this Agreement, as long as such Marks are used in a manner consistent with the terms of this Agreement." (*Id.* ¶5.)

28.   The Co-Existence Agreement further stated: "The Parties agree to take all reasonable steps necessary to avoid confusion as to the source or origin of their respective services as described herein, as well as any sponsorship or affiliation between them." (*Id.* ¶7.)

29.   Defendant also agreed to withdraw, with prejudice, the Cancellation Proceeding. On October 19, 2015, Defendant (as Petitioner in the cancellation

proceeding) filed a withdrawal of the petition to cancel with prejudice. The cancellation proceeding was terminated on or about October 26, 2015.

30.     Defendant publicly filed the Co-Existence Agreement with the USPTO on or about November 5, 2015.

**Defendant Changes its Name to AGENCY 451**

31.     A little more than a year later, on or about April 13, 2017, Defendant issued a press release stating: "451 Marketing will now be operating under a new name, Agency 451, effective immediately." A copy of that press release is attached hereto as Exhibit B.

32.     The press release continued:

> This rebranding strategy reflects both the evolution of the company as well as its leadership's vision for the future. This change is accompanied by a new corporate identity and a new website (www.agency451.com), prominently featuring the company's work, talent and culture. Agency 451's ownership and staff have not changed.
>
> …
>
> "The word 'marketing' in our name was limiting," he added. "We are excited about the next chapter for our firm. Agency 451 lets us retain the amazing brand equity that we have built while positioning us for success for years to come."
>
> …
>
> Today, Agency 451 offers creative, strategy, advertising, digital marketing, public relations, social media, and research and analytics. As an integrated agency, 451 is strongly committed to uncovering unique consumer insights and using that knowledge and perspective to build award-winning campaigns for national and global brands.

33.     In connection with its name change, Defendant changed the domain name for its website from 451marketing.com to agency451.com.

34.     The "contact us" page of Defendant's website provides a physical address for only its Boston office, and the website identifies the Boston office as Defendant's headquarters.

35.     Defendant has used and continues to use the name "AGENCY 451" in interstate commerce, including on its website and locations outside of Massachusetts.

36.     Defendant's change of its name to AGENCY 451 was in breach of the Co-Existence Agreement in which Defendant "agree[d] not to use any mark consisting solely of or ending with '451' … for any services or goods connected in any way with the advertising, marketing, public relations, or branding industries or with the services identified in Spark's Registration No. 4465019." (Co-Existence Agreement ¶2.)

37.     Defendant's change of its name to AGENCY 451 was also a breach of its agreement "to take all reasonable steps necessary to avoid confusion as to the source or origin of … [the Parties'] respective services." *Id.* ¶7.

**Likelihood of Confusion**

38.     Plaintiff has priority of use of its mark SPARK451®, which was in use and registered on the Principal Register before Defendant began using its mark "AGENCY 451."

39.     "451" is a key element of Plaintiff's mark and is inherently distinctive, arbitrary and fanciful when used in the context of marketing and communication services, as it does not describe the services.

40.     Defendant's mark AGENCY 451 is substantially similar to Plaintiff's mark SPARK451®, as they both end in 451, which is the main element of Plaintiff's mark.

41.     Moreover, Defendant visually highlights the "451" element of its mark with a bright red box. As noted above, Plaintiff highlights (and has highlighted for years) the "451" element of its mark with bright orange numbers. The visual cues of both marks, therefore, draw the viewer's eye to the ending: "451."

42.     The services set forth in Plaintiff's registration for SPARK451® are similar or related to the services for which Defendant recently began using its mark AGENCY 451, as both parties provide marketing and communications services.

43.     Defendant's website (at the time of filing of this Complaint) indicates that Defendant provides creative, digital marketing, data analytics, public relations, and social media services to "a variety of industries" including education.

44.     Upon information and belief, the parties have the same or similar class of prospective purchasers, such as product-based companies and higher education institutions.

45.     In view of the similarity of the respective marks and the related nature of the services of the respective parties, Defendant's mark AGENCY 451 so resembles Plaintiff's registered mark SPARK451® as to be likely to cause confusion, or to cause mistake or to deceive.

46.     Defendant's use of AGENCY 451 is confusingly similar to SPARK451® and is likely to cause confusion.

47.     As provided by 15 U.S.C. §1072, the registration of SPARK451® on the Principal Register provided constructive notice of Plaintiff's claim of ownership of that mark.

48.     At the time Defendant adopted its mark AGENCY 451, Defendant had actual knowledge of Plaintiff's registered mark SPARK451®.

49.     Defendant's infringement of Plaintiff's registered trademark SPARK451® is knowing and willful.

50.     Upon information and belief, Defendant is profiting from its infringement of Plaintiff's trademark.

51.     As a result of Defendant's infringement of Plaintiff's registered trademark, Plaintiff is suffering or will suffer monetary damages in an amount yet to be determined.

52.     Plaintiff is suffering irreparable injury as a result of Defendant's adoption and use of the mark AGENCY 451.

## CLAIM 1
## TRADEMARK INFRINGEMENT
## 15 U.S.C. §§ 1114 AND 1117

53.     Plaintiff repeats and realleges the previous paragraphs set forth herein.

54.     Plaintiff is the owner of all right, title and interest in and to the SPARK451® trademark, recorded on the United States Principal Register on February 14, 2014 as U.S. Trademark Registration No. 4465019, for advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media, search engine marketing, inquiry marketing, internet marketing, mobile marketing, blogging and other forms of passive, sharable or viral communications channels to assist institutions of higher education in brand management and enrollment management.

55.     Defendant adopted its mark AGENCY 451 and began using it in commerce on or about April 13, 2017.

56.     Defendant is using a confusingly similar mark in connection with the sale, offering for sale, distribution or advertising of goods and services.

57.     Defendant's mark is likely to cause confusion and mistake, and is likely to deceive consumers.

58.     Defendant is knowingly and willfully infringing Plaintiff's registered mark SPARK451®.

59.     As a direct and proximate result of Defendant's trademark infringement, Plaintiff has been damaged within the meaning of 15 U.S.C. §§ 1114, *et seq.*

60.     Plaintiff is entitled to disgorgement of Defendant's profits, the damages sustained by Plaintiff, and the costs of this action.

61.     This case qualifies for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

62.     Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendant; accordingly, Plaintiff is entitled to injunctive relief.

## CLAIM 2
## LANHAM ACT
## 15 U.S.C. § 1125

63.     Plaintiff repeats and realleges the previous paragraphs set forth herein.

64.     Plaintiff is the owner of the SPARK451® trademark, which, as used by Plaintiff, includes visually distinctive white lettering and bright orange numbers setting apart the two elements "SPARK" and "451."

65.     Plaintiff uses its trademark for advertising and marketing services provided by means of indirect methods of marketing communications, namely, social media, search engine marketing, inquiry marketing, internet marketing, mobile marketing, blogging and other forms of passive, sharable or viral communications channels to

assist institutions of higher education in brand management and enrollment management.

66.   Plaintiff began using its mark in commerce years before Defendant adopted its mark AGENCY 451.

67.   Plaintiff's mark is arbitrary and fanciful and identifies, in the minds of consumers, Plaintiff as the source of the goods and services it provides.

68.   Defendant adopted its mark AGENCY 451 and began using that mark in commerce on or about April 13, 2017.

69.   Defendant's mark, as displayed on Defendant's website, uses the distinctive element "451" at the end of its mark, highlighted in a bright red box.

70.   Defendant's display and use of its mark is confusingly similar to Plaintiff's mark SPARK451®.

71.   Defendant is using its confusingly similar mark in connection with the sale, offering for sale, distribution or advertising of goods and services.

72.   Defendant's mark is likely to cause confusion and mistake, and is likely to deceive consumers as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

73.   Accordingly, Defendant is liable to Plaintiff pursuant to the Lanham Act, 15 USC §1125(a)(1).

74.   Defendant's use of AGENCY 451 is a knowing and willful violation of Plaintiff's rights.

75.      As a direct and proximate result of Defendant's use of AGENCY 451,

Plaintiff has been damaged within the meaning of 15 U.S.C. §§ 1117.

76.      Plaintiff is entitled to disgorgement of Defendant's profits, the damages

sustained by Plaintiff, and the costs of this action.

77.      This case qualifies for enhanced damages and attorneys' fees pursuant to

15 U.S.C. § 1117.

78.      Plaintiff's remedies at law are not adequate to compensate for injuries

inflicted by Defendant; accordingly, Plaintiff is entitled to injunctive relief.

## CLAIM 3
## BREACH OF CONTRACT

79.      Plaintiff repeats and realleges the previous paragraphs set forth herein.

80.      Plaintiff and Defendant entered into the Co-Existence Agreement, which is

a valid and enforceable agreement.

81.      Defendant breached the Co-Existence Agreement by adopting and using

AGENCY 451, which ends with "451", for services or goods connected in any way with

the advertising, marketing, public relations, or branding industries or with the services

identified in Spark's Registration No. 4465019.

82.      Defendant also breached the Co-Existence Agreement by failing to "to

take all reasonable steps necessary to avoid confusion as to the source or origin of …

[the Parties'] respective services."

83.      As a result of Defendant's breach of the Co-Existence Agreement and its

adoption of a mark that is confusingly similar to Plaintiff's registered mark, Defendant

has created a likelihood of confusion in the minds of consumers as to source, affiliation,

and or sponsorship between Plaintiff and Defendant.

13

84.     The Parties' stated purpose of the Co-Existence Agreement was to "avoid any potential confusion with respect to the use and registration of their respective Marks, … [and] to assist each other in protecting, registering and avoiding any likelihood of confusion as to their respective Marks …."

85.     The purpose of the Co-Existence Agreement cannot be met unless the breached terms are enforced.

86.     Plaintiff is being irreparably injured by Defendant's use of the mark AGENCY 451, which is confusingly similar to Plaintiff's mark, and Plaintiff will continue to be irreparably injured if Defendant were to continue using that mark in commerce, in breach of the Co-Existence Agreement.

87.     Accordingly, Plaintiff demands specific performance and/or injunctive relief to prevent Defendant's use of the mark "AGENCY 451."

**CLAIM 4**
**MASS. GEN. LAWS CH. 93A §11**

88.     Plaintiff repeats and realleges the previous paragraphs set forth herein.

89.     Defendant's adoption of the mark AGENCY 451 was a knowing and willful violation of Plaintiff's trademark and contractual rights.

90.     Defendant's conduct amounts to an unfair method of competition and/or an unfair or deceptive act or practice in the conduct of trade or commerce, in violation of Mass. Gen. Laws ch. 93A section 2.

91.     As a result of Defendant's unfair and deceptive business practices, Plaintiff has suffered and/or will suffer substantial injury, including irreparable injury and damages, unless Defendant is enjoined by this Court.

14

92.     Defendant's conduct has caused or is likely to cause Plaintiff to lose money or property.

93.     Plaintiff has suffered damages in an amount to be determined at trial, which amount should be trebled pursuant to Mass. Gen. Laws ch. 93A section 11.

94.     Plaintiff demands an injunction prohibiting Defendant's use of the mark AGENCY 451.

95.     Plaintiff demands its attorneys' fees and costs, pursuant to Mass. Gen. Laws ch. 93A section 11.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a.  The entry of Judgment in favor of Plaintiff and against Defendant on all claims;

b.  An order permanently enjoining Defendant from using the mark AGENCY 451, trademark infringement, false advertising, unfair competition, and deceptive business practices as set forth in this complaint;

c.  An accounting and award of profits derived by Defendant from its unlawful conduct pursuant to 15 U.S.C. § 1117(a)(1), and as otherwise permitted by law;

d.  Damages in an amount to be determined at trial;

e.  Treble damages;

f.  An award of Plaintiff's costs of suit, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a)(3), and/or Mass. Gen. Laws ch. 93A §11, and as otherwise permitted by law;

g.  An award of prejudgment and post-judgment interest; and

h.  An award to Plaintiff of any other relief, in law and in equity, to which the

   Court finds Plaintiff justly entitled.

## JURY DEMAND

   Plaintiff demands a trial by jury of all issues triable as of right by a jury in this

action.

Dated:  April 30, 2018
        Boston, Massachusetts


                                    Respectfully submitted,


                                    /s/ *Adam P. Samansky*
                                    Adam P. Samansky (Bar No. 661123)
                                    Mintz, Levin, Cohn, Ferris
                                    Glovsky and Popeo, P.C.
                                    One Financial Center
                                    Boston, Massachusetts
                                    Tel: (617) 542-6000
                                    Fax: (617) 542-2241
                                    APSamansky@mintz.com

                                    Kevin N. Ainsworth (pro hac vice forthcoming)
                                    Mintz, Levin, Cohn, Ferris
                                    Glovsky and Popeo, P.C.
                                    Chrysler Center
                                    666 Third Avenue
                                    New York, NY 10017
                                    Tel:  (212) 692-6745
                                    Fax:  (212) 983-3115
                                    kainsworth@mintz.com

                                    *Counsel for Plaintiff Spark451 Inc.*

77201763