**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SPARK451 INC.                              :
                     Plaintiff,            :    No. 1:18-cv-10833-RGS
                                           :
     v.                                    :
                                           :
451 MARKETING, LLC d/b/a AGENCY 451,       :
                                           :
                     Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED, pursuant to F.R.C.P. 26(c) and 29, by and between Plaintiff SPARK451, INC. ("Plaintiff"), and Defendant 451 MARKETING, LLC d/b/a AGENCY 451 ("Defendant"), and, subject to the approval of the Court pursuant to F.R.C.P. 26(c), that the following Stipulation and Protective Order ("Order") shall govern the handling of discovery documents and information, which shall consist of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other materials produced, given or exchanged by and among the parties and any non-parties in connection with discovery in this action (collectively "information"):

1. Information designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" (collectively, the "Confidentially Designated Information") under this Order shall be used solely for purposes of the preparation and trial of this action and any related appellate proceeding (the "Litigation") and for no other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the Producing Person (as defined in Paragraph 2) or leave of the Court.

2. The term "Producing Person" shall mean any party or non-party who produces or discloses information in the Litigation. The term "Receiving Party" shall mean any person to whom information is produced or disclosed in the Litigation.

1

3. Information may be designated "CONFIDENTIAL" by any Producing Person or its Counsel if the Producing Person has a good-faith belief that the information is the Producing Person's confidential and proprietary business information, which may include but is not limited to (i) confidential product or service information; (ii) confidential business plans, forecasts or data; (iii) confidential financial plans, forecasts or data; (iv) confidential operational plans, forecasts or data; (v) customer or supplier identification; or (vi) sales data and information. The designation shall be made at the time of delivery of the information to the Receiving Party. The designation shall be made by marking the words "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the face of the document or materials so designated.

4. Information may be designated "ATTORNEYS EYES ONLY" if the Producing Person deems the information to be particularly sensitive, so that even its limited use by the Receiving Party in connection with the Litigation would likely cause the loss of a substantial aspect of the business (e.g., current and highly confidential business plans or strategies, confidential software algorithms). The designation shall be made at the time of delivery of the information to the Receiving Party. The designation shall be made by marking the words "ATTORNEYS EYES ONLY" or "ATTORNEYS EYES ONLY--SUBJECT TO PROTECTIVE ORDER" on the face of the document or materials so designated.

5. Any Producing Person or counsel for such Person may designate deposition or other testimony as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." Such designation may be made either on the record during the testimony or at any time within 14 days after receipt of the transcript of the testimony. All transcripts shall be treated as Confidential until the expiration of 14 days after receipt of the transcript unless the Producing Person designates otherwise.

6. Information designated as "CONFIDENTIAL" and any summaries or reproductions of the information shall not be disclosed to any person except:

(a) The parties, including all officers, directors, managers and employees of the parties, including in-house counsel;

(b) Counsel for the parties (excluding in-house counsel) and persons in that counsel's employ who are assisting in the conduct of the Litigation;

(c) Experts retained to testify at trial or consultants retained or engaged by a party in preparation for trial (collectively "Consultants") and persons in their employ who are assisting in the conduct of the Litigation, each of whom has been identified in accordance with Paragraph 9 and has signed an Undertaking;

(d) The Court, including any appellate court and Court personnel assisting the Court in its adjudicative functions;

(e) Persons who either prepared or previously received the information;

(f) Stenographic reporters and/or video operators engaged by a party or the Court for purposes of the Litigation, provided such disclosure is made in connection with the duties of the reporter and/or video operator in the Litigation;

(g) Outside photocopying, translation, document management, and exhibit preparation services engaged by a party for purposes of the Litigation; and

(h) Any person whom the Producing Person agrees in writing or on the record at a deposition or court proceeding may be shown the information.

7. Information designated as "ATTORNEYS EYES ONLY" and any summaries or reproductions of the information shall not be disclosed to any person except the persons identified in subsections (b) through (h) of Paragraph 6 above.

8. Notwithstanding the provisions of Paragraphs 6 and 7, this Order shall not (a) prevent any Producing Person from using or disclosing its own Confidentially Designated Information as it deems appropriate, (b) preclude any party from disclosing to an employee, officer, or Consultant of a Producing Person, during the testimony of that employee, officer, or Consultant, any information provided by the Producing Person, or (c) preclude or limit any party

from the lawful use of any information obtained from a source other than the Producing Person. Before any disclosure may be made under subsection (b) above, any person in attendance during such testimony to whom disclosure is not permitted under the terms of this Order shall be required to depart the room and shall remain absent during any testimony related to the Confidentially Designated Information.

9. Receipt of information designated as CONFIDENTIAL or ATTORNEYS EYES ONLY shall not constitute an admission by a Receiving Party or evidence that the information is appropriately designated by the Producing Person. A Receiving Party may at any time request that the Producing Person or the Court reclassify (a) ATTORNEYS EYES ONLY Information as either Confidential Information or non-confidential information or (b) CONFIDENTIAL Information as non-confidential information. Confidentially Designated Information shall be treated pursuant to its designation unless and until (a) the Producing Person agrees to redesignate the information, or (b) the Court rules that information so designated is not of the character defined in Paragraphs 3 and 4 or otherwise redesignates the information. The burden of proof in any motion challenging the designation of information as CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION shall be on the Producing Person to justify the appropriateness of the designation, but no such motion shall be made until after the Receiving Party and the Producing Person have, in good faith, attempted to resolve any dispute concerning the appropriateness of the designation.

10. Before a party may disclose to a person identified in Paragraph 6(c) (the "Proposed Recipient") another person's Confidentially Designated Information, (a) the party shall furnish to the Producing Person the identity and current resume or curriculum vitae of the Proposed Recipient, and (b) the Proposed Recipient shall complete and sign an undertaking in the form of Exhibit A, attached hereto ("Undertaking"). The Producing Person will have five business days to object, in a writing stating the basis for the objection, to the disclosure of Confidentially Designated Information to the Proposed Recipient. The parties shall then confer,

promptly and in good faith, to resolve their differences. If the parties are unable to resolve their differences, the Producing Person may apply within five business days after the conference to the Court for appropriate relief, and no disclosure shall be made to the Proposed Recipient during that five-business-day period. The burden is on the Producing Person to demonstrate good cause why its Confidentially Designated Information should not be shown to the Proposed Recipient. During the time the Court considers the request, the Confidentially Designated Information at issue shall not be shown to the Proposed Recipient.

      11.     All signed Undertakings shall be retained by counsel for the party employing the person(s) who signed an Undertaking.

      12.     This Order is not intended to change the procedure by which any discovery of Consultants proceeds under the Federal Rules of Civil Procedure, including Rule 26(b)(4). Confidentially Designated Information used or relied upon by a Consultant shall not lose its status as Confidentially Designated Information solely because it is used or relied upon by the Consultant.

      13.     Filing Papers with the Court.

      (a)     All Confidentially Designated Information that is filed with the Court and any pleadings, motions, or other Court papers that disclose Confidentially Designated Information shall be filed under seal and kept under seal until further order of the Court. The parties shall limit disclosures of Confidentially Designated Information in documents submitted to the Court to those instances when absolutely necessary.

      (b)     All Confidentially Designated Information filed under seal shall be submitted to the Clerk of the Court in a sealed envelope conspicuously bearing (i) the caption of this action, (ii) the designation "Confidential Information," or "Confidential--Attorneys Eyes Only Information"; (iii) the notation: "Filed Under Seal--Governed by Court Order Entered __[Date of this Order]__," and (iv) a concise

inventory of the contents of the envelope which shall not disclose the contents of the Confidentially Designated Information.

14. If a Receiving Party or its consultant receives a subpoena from a non-party to the Litigation seeking production or other disclosure of Confidentially Designated Information, telephonic and written notice shall promptly be given to counsel for the Producing Person, identifying the information sought and arranging for transmission of a copy of the subpoena. Where possible, at least ten business days notice before production or other disclosure shall be given. In no event, absent Court order, shall production or disclosure of Confidentially Designated Information be made before notice is given. This Order shall not be construed as requiring the Receiving Party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the information at issue.

15. The parties shall instruct all court reporters and video operators employed by them in the Litigation that no copy of any transcript that is designated in part or in whole as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and no copy of any exhibit that is designated in part or in whole as CONFIDENTIAL or ATTORNEYS' EYES ONLY, shall be prepared for, or furnished by the reporter to, any person other than to counsel for the parties and the deponent or his or her counsel.

16. The provisions of this Order shall survive the conclusion of this Litigation, whether by settlement, judgment or otherwise, and shall continue in full force and effect. Within sixty days after the final termination of the Litigation, each Receiving Party shall destroy or return to the Producing Person all Confidentially Designated Information provided by that Producing Person. Each law firm representing a party or a deponent may keep and not destroy one copy of all court pleadings and briefs containing Confidentially Designated Information, one copy of all transcripts containing Confidentially Designated Information, and copies of documents incorporating or referring to the Confidentially Designated Information which are inextricably intermingled with the work product of that party's counsel. All documents retained

by counsel that contain Confidentially Designated Information shall remain subject to this Order. The Court shall retain jurisdiction to enforce this Order after the termination of the Litigation.

17. If Confidentially Designated Information is disclosed to any person other than in a manner authorized by this Order, the person responsible for the disclosure shall upon discovery of the disclosure immediately inform the Producing Person whose information was disclosed, and shall work in good faith with that Producing Person to retrieve the information. Nothing in this paragraph shall limit the remedies to which such Producing Person may be entitled as a result of the disclosure.

18. This Order shall not constitute (a) an agreement to produce any information in discovery not otherwise agreed upon or required to be produced, (b) a waiver of any right to object to any discovery in this or any other action, and (c) a waiver of any claim of immunity or privilege with regard to any information.

19. The inadvertent or mistaken disclosure of any Confidential or Attorneys' Eyes Only Information by a Producing Person, without a designation permitted by Paragraphs 3 and 4, shall not constitute a waiver of any claim that the information is entitled to protection under this Order, provided the Producing Person gives prompt written notice of the desired designation to all parties after discovery of such inadvertent or mistaken disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Person shall provide properly marked information to each party to whom the information was disclosed. Upon receipt of the properly marked information, the Receiving Party shall (a) return to the Producing Person, or destroy, the improperly marked information that was initially produced, and (b) if a disclosure of that information was made to a person to whom disclosure would not have been permitted if the information were properly marked, identify the person(s) to whom such disclosure was made.

20. <u>Pursuant to Federal Rules of Evidence 502(d):</u> The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in

this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Inadvertently produced privileged or protected information and all copies thereof shall promptly be returned to the Producing Person upon request. After a request to return such information has been made, no use shall be made of such information other than to challenge the propriety of the asserted privilege, and such information shall not be disclosed to anyone who has not already been given access to the information.

21. The parties agree to be bound by this Order once executed by the parties and pending the entry of this Order.

22. In the event that any Confidentially Designated Information is used at trial or in a court hearing in the Litigation, counsel shall confer regarding procedures to protect the confidentiality of, and minimize disclosure of, the Confidentially Designated Information used in the court proceeding.

23. The Court reserves the right, upon a motion of any party or on its own, to amend or modify this Order as circumstances and justice may dictate. This Order shall not prevent any party or non-party from applying to the Court for further or other protective orders or for modifications of this Order. This Order also may be amended by the written agreement of counsel for the parties and any non-party who has produced Confidentially Designated Information subject to this Order, if filed with the Court for approval.

Dated: September 13, 2018

| | |
|---|---|
| AGREED: | |
| MINTZ LEVIN COHN FERRIS GLOVSKY and POPEO, P.C. | COLES, BALDWIN, KAISER & CREAGER, LLC |
| /s/ Kevin N. Ainsworth<br>Kevin N. Ainsworth<br>666 Third Avenue<br>New York, New York 10017<br>kainsworth@mintz.com<br>Phone: 212.692.6745 | /s/ John B. Kaiser<br>John B. Kaiser<br>One Eliot Place, Third Floor – East<br>Fairfield, Connecticut 06824<br>jkaiser@cbklaw.net<br>Tel: 203.319.0800 (Ext 303) |
| *Attorneys for Plaintiff Spark451, Inc.* | *Attorneys for Defendant 451 Marketing, LLC* |

## **ORDER**

Pursuant to the stipulation of the parties and for good cause shown, IT IS HEREBY ORDERED as set forth above.

Dated: 9/14/2018                              By: /s/Richard G. Stearns
                                                                   DISTRICT COURT JUDGE

# EXHIBIT A

[Name and Address of
Proposed Recipient of
Confidential Material]

[Name and Address of Counsel
Proposing to Show Confidential
Material to a Third Party]

      Re: *Spark451, Inc. v. 451 Marketing, LLC d/b/a Agency 451*
         U.S. District Court, District of Massachusetts
         Civil Action No. 1:18-cv-10833-RGS

Dear Counsel:

  You have proposed to disclose to me information or material which has been designated as "Confidential" or "Attorneys' Eyes Only" in the referenced litigation. This will acknowledge:

  a. I have reviewed a copy of the Stipulated Protective Order (the "Order") in the referenced action.

  b. I agree to comply with the Order in all respects.

  c. I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for adjudication of any dispute about whether I have complied with the Order.

[Signature of Proposed Recipient
of Confidential Material]